**Weil, Gotshal & Manges LLP**

VIA ECF AND E-MAIL

767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

**David J. Lender**
+1 (212) 310-8153
david.lender@weil.com

June 17, 2025

The Honorable John P. Cronan
U.S. District Court for the Southern District of New York
500 Pearl Street, Room 1320
New York, NY 10007
CronanNYSDChambers@nysd.uscourts.gov

**Re: *Willis et al. v. Proctor & Gamble Co.*, 1:25-cv-04461**

Dear Judge Cronan:

We represent The Procter & Gamble Company ("P&G") in the above-captioned case. Pursuant to Rule 3.B of the Court's Individual Rules and Practices in Civil Cases, we file this letter motion to stay all deadlines and proceedings until the Judicial Panel on Multidistrict Litigation ("JPML") rules on whether to consolidate this case with six other similar cases and transfer them to a multidistrict litigation. This is P&G's first request to extend deadlines in this case. Plaintiffs consent to this motion.

Background

On January 16, 2025, Plaintiffs Teretta Willis and Sharon Beck, along with other plaintiffs, filed suit against Defendant in the United States District Court for the Western District of Washington alleging factually similar allegations to the ones Plaintiffs have raised in this lawsuit. *See* Complaint, *Lowry, et al. v. Procter & Gamble Co., et al.*, No. 2:25-cv-00108-JHC (W.D. Wash. Jan. 16, 2025) (Dkt. 26); *see also* Dkt. 1. On May 28, 2025, Plaintiffs voluntary dismissed their claims from the lawsuit in the Western District of Washington. *See Lowry*, No. 2:25-cv-00108-JHC (W.D. Wash. May 28, 2025) (Dkts. 40–41). On the same day, Plaintiffs brought this lawsuit. *See* Dkt. 1.

On June 2, 2025, three of the named plaintiffs in the *Lowry* action moved before the JPML, pursuant to 28 U.S.C. § 1407, to transfer and consolidate this case and six other cases raising similar allegations,[1] to a multidistrict litigation in the Western District of Washington or the District of Massachusetts (the "MDL Transfer Motion"). *In re: Procter & Gamble Company "Protect, Grow and Restore" Marketing and Sales Practices Litigation*, MDL 3157 (J.P.M.L. Jun. 2, 2025) (Dkt. 1). The JPML is scheduled to hear oral argument on the MDL Transfer Motion on July 31, 2025. *See* MDL No. 3157, Dkt. No.

---

[1] *Maggio v. The Procter & Gamble Co., et al.*, No. 1:25-cv-02667 (S.D.N.Y.) (J. Cronan); *Lowry v. Proctor & Gamble Co., et al.*, 2:25-cv-00108 (W.D. Wash.) (J. Chun); *Alzaidi, et al. v. Proctor & Gamble Co.*, No. 4:25-cv-04519 (N.D. Cal.) (J. Chesney); *Dean, et al. v. Proctor & Gamble Co.*, No. 1:25-cv-05977 (N.D. Ill.) (J. Jenkins); *Giarrizzo, et al. v. Proctor & Gamble Co.*, No. 1:25-cv-11524 (D. Mass.) (J. Sorokin); *Dupont v. Proctor & Gamble Co.*, No. 0:25-cv-02260, (D. Minn.) (J. Tostrud).

The Honorable John P. Cronan								**Weil, Gotshal & Manges LLP**
June 17, 2025
Page 2

Request to Stay All Deadlines and Proceedings

"[S]tays are warranted . . . to further the underlying purposes of coordination of multidistrict litigation" and "to promote the just and efficient conduct of such actions.'" *Rosenfield v. Hartford Fire Ins. Co.*, No. 88-cv-2153, 1988 WL 49065, at *1 (S.D.N.Y. May 12, 1988). "[M]any courts [in this district] have stayed proceedings pending a decision by the JPML on whether to consolidate cases." *Rojas v. Teva Pharms. USA, Inc.*, 2020 WL 8513143, at *1 (S.D.N.Y. Dec. 1, 2020); *see, e.g.*, *Royal Park Invs. SA/NV v. Bank of Am. Corp.*, 941 F. Supp. 2d 367, 370 (S.D.N.Y. 2013) (collecting cases); *Groshans v. Bristol-Myers Squibb Co.*, 2016 WL 4735786, at *1 (S.D.N.Y. Aug. 24, 2016). In deciding whether to grant a motion to stay proceedings, courts consider: "(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *Ritchie Cap. Mgmt., LLC v. Gen. Elec. Cap. Corp.*, 87 F. Supp. 3d 463, 471 (S.D.N.Y. 2015).

In light of the MDL Transfer Motion pending before the JPML, a stay of all deadlines and proceedings in this matter is appropriate to conserve judicial resources and promote the interests of efficiency by avoiding potentially duplicative proceedings. The JPML has not yet decided if or where it will transfer the cases, and if it does transfer the cases, plaintiffs in all seven actions will likely file a consolidated complaint, which will be the subject of motion practice. Additionally, all factors considered by courts support that this case should be stayed pending an order by the JPML.

*First*, the Court should stay this case until the MDL Transfer Motion is decided because a stay of this case, which is in its early stages, will not prejudice Plaintiffs, and Plaintiffs agree a stay is appropriate here. *See Ritchie*, 87 F. Supp. 3d at 471 (holding that "[a] short stay will not prejudice plaintiffs" where the JPML was scheduled to meet later that month and was "likely to resolve [defendant's transfer] motion promptly"); *see also Foley v. Bristol–Myers Squibb Co.*, 2016 WL 4718953, at *3–4 (D. Nev. Sept. 9, 2016) (finding there is little chance that Plaintiff will suffer any prejudice in the short amount of time the case is stayed, especially given that "the action is at an early stage.").

*Second*, absent a stay, P&G would suffer hardship by being forced to expend resources engaging in unnecessary proceedings and would be at risk of potentially inconsistent rulings. *See Krieger v. Merck & Co.*, 2005 WL 2921640, at *2 (W.D.N.Y. Nov. 4, 2005) (finding that there was a "risk of hardship to [the defendant] of engaging in duplicative motion practice and discovery proceedings" if the case was not stayed).

*Third*, a stay will promote judicial economy, efficiency, and the public interest by avoiding duplicative efforts by this Court and the transferee court if the MDL Transfer Motion is granted. *See Med. Soc'y of State of N.Y. v. Conn. Gen. Corp.*, 187 F. Supp. 2d 89, 92 (S.D.N.Y. 2001) ("assuming the case is transferred," a stay "would minimize the duplication of judicial resources and promote in those decisions uniformity and consistency"); *see also Ritchie Capital Mgmt, LLC,* 87 F. Supp. 3d at 471 ("a stay serves the judicial and public interest in letting the JPML decide if the interests in efficiency and economy favor consolidation and transfer").

The Honorable John P. Cronan  
June 17, 2025  
Page 3

**Weil, Gotshal & Manges LLP**

Thus, a stay of all deadlines and proceedings, including but not limited to, any obligations to respond to the complaint or engage in discovery, "will eliminate duplicative discovery, prevent inconsistent rulings, and conserve the resources of the parties, counsel, and the judiciary." *Pierre*, 2013 WL 5876151, at *4. P&G respectfully requests that the Court enter an order staying all deadlines and proceedings in this case until the JPML rules on the MDL Transfer Motion.

Respectfully submitted,

*/s/ David J. Lender*  
David J. Lender  
WEIL, GOTSHAL & MANGES LLP  
767 Fifth Avenue  
New York, NY 10153  
(212) 310-8000  
david.lender@weil.com

> The parties' joint request for a stay is granted as the Court finds good cause to stay this case pending the JPML's ruling on the MDL Transfer Motion. The parties shall file a joint status letter updating the Court regarding next steps within one week after the JPML has issued its ruling. The Clerk of Court is respectfully directed to stay this case and to close Docket Number 9.
>
> SO ORDERED.  
> Date: June 18, 2025  
> New York, New York
>
> _____  
> JOHN P. CRONAN  
> United States District Judge